FILED

JUL 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **v.** | ) | **Criminal No. 07-153-08 (ESH)** |
| **DANIEL MAURICE THOMPSON,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Daniel Maurice Thompson, along with eighteen others, has been charged with one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of phencyclidine ("PCP") and one kilogram or more of heroin in violation of 21 U.S.C. § 846, an offense punishable by ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(i), (iv), 846. At the government's request, a detention hearing was held before Magistrate Judge John M. Facciola on June 22, 2007, at which time Judge Facciola ordered Thompson held without bond pursuant to 21 U.S.C. § 3142(e). Thompson thereafter filed a motion to reconsider and revoke Judge Facciola's order of detention under 18 U.S.C. § 3145(b), which the government opposed. The Court held a hearing on the motion on June 26, 2007, at the conclusion of which the Court issued an oral ruling denying the motion. This Memorandum Opinion sets forth in further detail the basis for the Court's ruling.

## DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community." *Id.* § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e).

The Court finds that there is probable cause to believe that Thompson was part of a conspiracy to distribute and possess with intent to distribute PCP and heroin, a violation of the Controlled Substance Act punishable by ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(i), (iv), 846. There is substantial evidence connecting Thompson to Lonnell George Glover, the subject of an extensive federal narcotics investigation involving a wire tap on Glover's cell phone, as well as interceptions in and around Glover's pickup truck. As set forth in the government's

opposition, Thompson was one of a number of individuals who met and spoke by telephone with Glover to discuss drug distribution. In particular, the government intercepted conversations in which Thompson asked where he could meet Glover to pay him for drugs he had supplied to Thompson, discussed with Glover the price of heroin they were paying, complained that he needed to make more money for selling heroin, and explained to a third co-defendant in Glover's presence how she could maximize her profits by selling heroin. The government also intercepted conversations in which Glover confided to Thompson various details of his drug business. Moreover, on the day Thompson was arrested, officers recovered approximately 150 grams of heroin, some of which had been packaged for sale, a small amount of marijuana, $9,400 in cash, ziplock bags, digital scales, and a spoon used for processing drugs from Thompson's home, where Thompson acknowledged he lived alone. This evidence is more than sufficient to support a finding that there is probable cause to believe that Thompson was involved in drug dealing and was a knowing participant in Glover's drug conspiracy. Accordingly, in determining whether Thompson's continued detention is warranted, the Court must begin with the presumption that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community." 18 U.S.C. § 3142(e).

In attempting to rebut this presumption, Thompson cites his strong family and community ties in the District of Columbia, his work history and contributions to the community through his work with the Greater Washington Council of Churches, the absence of any recent criminal record, and his medical condition, which, *inter alia*, requires him to receive dialysis treatment several times a week. Although the Court appreciates that Thompson has a serious medical condition for which he requires regular treatment, his health problems cannot be dispositive here. Thompson has received dialysis treatments while detained, albeit with significant intervention

from his counsel, and he will continue to receive such treatments. Judge Facciola has written to the General Counsel of the Department of Corrections requesting that Thompson and two other co-defendants with serious illnesses be placed at the Correctional Treatment Facility and asking that the General Counsel "personally do whatever is necessary to assure that [these defendants] get the medical treatment that they need." (*See* Dkt. # 32.) The Court also expects that counsel will notify the Court if Thompson experiences problems in receiving needed medical treatment.

The "history and characteristics of the [defendant]," however, is only one of four factors the Court must consider in determining the appropriateness of pretrial detention, and the remaining factors speak to the need for detention in this case. First, the offense charged is serious, involving a controlled substance and potential life imprisonment. *See* 18 U.S.C. § 3142(g)(1). Second, the evidence seized from Thompson's home, which included heroin, some of which was packaged for sale, as well as drug paraphernalia and a substantial amount of cash, shows that the government's case against him is strong. *See id.* § 3142(g)(2). Third, although Thompson's criminal record is old, he does have several previous convictions, including a 1970 conviction for narcotics possession. Finally, Thompson has been indicted as a member of a large-scale drug conspiracy which, regardless of his community and family ties and past good works, constitutes a serious threat to the community. When these factors are considered together, it is clear that Thompson cannot overcome the law's presumption against pretrial release.

For the foregoing reasons, Thompson's motion to reconsider and revoke the Magistrate Judge's order of detention [Dkt. # 27] is hereby **DENIED**. In accordance with 18 U.S.C. § 3142(i), the Court hereby **ORDERS** that defendant remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

ELLEN SEGAL HUVELLE
United States District Judge

Date: July 2, 2007

cc: Magistrate Judge John M. Facciola